10647.

## INTERNATIONAL AGRICULTURAL CORPN. v. HAMMETT

(107 S. E. 917)

1. CONTINUANCE—GRANT OR REFUSAL WITHIN SOUND DISCRETION OF PRESIDING JUDGE.—In an action on notes given for the price of fertilizer, the matter of granting continuance to defendant on the ground of the illness of himself and wife was within the sound discretion of the presiding Judge; there being nothing in the particular case to show an abuse of such discretion in denying motion for continuance, it appearing that the case had been continued on defendant's motion three times previously for the same reason.

2. EVIDENCE—MATTER OF OTHER COMPLAINTS TO SELLER IMMATERIAL.— In an action on notes given for the price of fertilizer, the trial Court did not err in refusing to require one of plaintiff's witnesses to answer the question whether he was sure they had had no other complaint from any one else that year; other complaints being immaterial and the testimony incompetent.

Before TOWNSEND, J., Spartanburg, October, 1920. Affirmed.

Action by International Agricultural Corporation against C. L. Hammett. From a directed verdict for plaintiff the defendant appeals.

*Mr. S. G. Finley,* for appellant, cites: *Right to continuance:* 8 S. E., 817 (Va.); 9 Cyc., 79, 81, 93, 94, 96, 105.

*Messrs. Carlisle & Carlisle,* for respondent, cite: *Rule 27 was not complied with:* 107 S. C., 411. *Continuance largely in discretion of Court:* 11 S. C., 259; 80 S. C., 557; 90 S. C., 283; 113 S. C., 92. *Judge properly excluded statement of complaints by other parties:* 104 S. C., 125.

June 30, 1921.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The case shows:

"This case was docketed on April 26, 1919. Suit was brought by the plaintiff against the defendant on two promissory notes, each dated May 6, 1918, and one due Novem-

ber 1, 1918, and the other due November 15, 1918. Notes are in the usual form, providing for interest from maturity at the rate of 7 per cent., and providing also for 10 per cent. attorney's commissions in case of suit or collection by attorney."

"The consideration of these notes was a sale of fertilizers from plaintiff to defendant. The complaint is in the usual form. The defendant answered, specifically denying every allegation of the complaint; but at the trial of the case there was no contest as to the execution, delivery and ownership of the notes."

The defendant further set up failure of consideration. When the case was called for trial the defendant moved for a continuance on the ground of the illness of himself and his wife. It appeared that the case had been continued on defendant's motion three times before for the same reason. The trial Judge refused the motion for a continuance, and this forms the first ground of appeal.

I. The continuance was within the sound discretion of the presiding Judge, and there is nothing in the case to show an abuse of discretion, and this exception is overruled.

II. The second exception complains of error in the refusal of the presiding Judge to require an answer to this question, asked of one of plaintiff's witnesses:

"Are you sure you have had no other complaint from any one else that year?"

There was no error here. Other complaints were immaterial. The testimony was incompetent. This exception is overruled.

The judgment is affirmed.